1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

BRIAN BRIMM FALETOGO,

CASE NO. C12-1224-RSM

11

Petitioner,

12

v.

ORDER DENYING PETITIONER'S
MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR
CORRECT SENTENCE BY A
PERSON IN FEDERAL CUSTODY

13

UNITED STATES OF AMERICA,

14

Respondent.

15

16

## I. INTRODUCTION

17

Before the Court is Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct

18

Sentence. (Dkt. # 1).  Brian Brimm Faletogo challenges the 78 month sentence imposed on him

19

by this Court.  On September 23, 2009, Petitioner pled guilty to one count of a felon in

20

possession of a firearm.  At sentencing, the Court applied a four-level enhancement to Faletogo's

21

base offense level and imposed a sentence above the calculated Guideline range.  Faletogo

22

appealed his conviction and sentence.  In Faletogo's appeal, his counsel argued that the Court

23

could not impose the four-level upward adjustment because it did not have clear and convincing

24

1  evidence that Faletogo used the firearm in connection with another felony.  The Ninth Circuit

2  denied his appeal and held that the four-level sentencing enhancement was warranted for using

3  the firearm in connection with the felony offense of assault.  Petitioner timely brought this

4  petition challenging his sentence for ineffective assistance of counsel and lack of evidentiary

5  support for the four-level enhancement.  After full consideration of the record and for the reasons

6  set forth below, Faletogo's § 2255 Petition is DENIED.

7  **II. BACKGROUND**

8  Petitioner was prosecuted after his arrest resulting from investigation of a 9-1-1 call

9  reporting an assault with a firearm at the El Toro Apartments.  After his indictment, defense

10  counsel entered into plea negotiations with the United States and Petitioner entered a plea of

11  guilty to one count of felon in possession of a firearm on September 23, 2009.  Prior to

12  sentencing, Faletogo moved to withdraw his plea and the Court held an evidentiary hearing on

13  December 7, 2010.  At the hearing, the Court concluded that Faletogo was cognizant of the

14  charge against him and of the consequences of entering a guilty plea. Dkt. # 5-1, p. 257.  The

15  Court also concluded that he entered the plea of his own volition.  The Court denied Faletogo's

16  motion to withdraw his guilty plea. *Id.* at 258.

17  The Court held an evidentiary hearing during sentencing to determine whether to impose

18  a four-level base offense upward enhancement.  Probation's Presentence Report recommended

19  that the Court impose a four-level enhancement for the unlawful possession of the firearm in

20  connection with another felony pursuant to USSG § 2K2.1(b)(6)(B).  The Presentence Report

21  recommended this enhancement for assault in the second degree based on the grounds of assault

22  with a deadly weapon under RCW 9A.36.021(1)(c).  Faletogo objected to the upward adjustment

23  and argued that he did not use the firearm in connection with another felony because he did not

24

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR
CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - 2

1  point the gun at his brother.  Faletogo and his brother then testified that Faletogo did not point

2  the gun at his brother.  However, based on the witnesses' written statements and other relevant

3  evidence such as the 9-1-1 call transcript and the reporting officer's testimony, the Court found

4  Faletogo and his brothers' testimony at the hearing not credible. Dkt. # 5-1, pp. 90-92.  Upon

5  reviewing the facts, exhibits, witness testimony, and evidence before it, the Court held that

6  Faletogo was subject to a four-level upward adjustment because Faletogo used the unlawfully

7  possessed firearm in connection with assault in the second degree when he pointed it at his

8  brother.

9      Next, the Court imposed Faletogo's sentence.  It found the Guideline range to be 51 to 63

10 months.  The Court considered whether to depart from the guidelines based on traditional factors

11 as well as the USSG 3553(a) factors.  The Court, disturbed by Faletogo's long criminal history

12 and the violent nature of that criminal history, held that an upward departure from the Guideline

13 range of 51 to 63 months was warranted because Faletogo's criminal history score was under-

14 represented.  The Court found that if Faletogo's criminal history score was increased by one

15 level, the range would be 63 to 78 months.  The Court sentenced Faletogo to 78 months of

16 imprisonment. Dkt. # 5-1, pp. 110-118.

17                              **III. DISCUSSION**

18     Petitioner now brings a motion to vacate, set aside, or correct his sentence. A  28 U.S.C. §

19 2255 motion permits a federal prisoner, in custody, to collaterally challenge his sentence on the

20 grounds that it was imposed in violation of the Constitution or laws of the United States or that

21 the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the  maximum

22 authorized by law.  Here, Petitioner challenges his sentence on the grounds that he received

23 ineffective assistance of counsel, and that the Court erred in imposing a sentence of 78 months of

24

1   imprisonment.  The Court finds that Petitioner is not entitled to an evidentiary hearing in this

2   matter because the petition, files, and totality of the record conclusively demonstrate that

3   Faletogo is not entitled to relief. *See United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004).

4   **A.  Ineffective Assistance of Counsel**

5       Petitioner argues that he received ineffective assistance of counsel in two circumstances.

6   First, Petitioner asserts that he received ineffective assistance of counsel at his sentencing.

7   Second, Petitioner asserts that he received ineffective assistance of counsel for his appeal.

8       To establish a claim for ineffective assistance of counsel, Petitioner must prove (1) that

9   counsel's performance was deficient and, (2) that the deficient performance prejudiced the

10  defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  In order to establish that counsel's

11  performance was deficient, a petitioner must show that counsel's performance fell below an

12  objective standard of reasonableness. *Id.* at 688.  There is a strong presumption that counsel was

13  within the range of reasonable assistance. *Id.* at 689.  In order to establish that the counsel's

14  performance prejudiced the defense, a petitioner "must show that there is a reasonable

15  probability that, but for counsel's unprofessional errors, the result of the proceeding would have

16  been different.  A reasonable probability is a probability sufficient to undermine confidence in

17  the outcome." *Id.* at 694.

18      Petitioner asserts that his counsel should have argued that the four-level enhancement

19  was not proper because the government did not prove the necessary elements of assault in the

20  second degree.  Specifically, in his Reply brief, Petitioner argues that his counsel should have

21  argued that the government did not prove that Petitioner acted with intent or knowledge, and the

22  government did not show that "substantial bodily harm" occurred.

23

24

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR
CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - 4

1   However, Petitioner misreads the elements of assault in the second degree.  RCW

2   9A.36.021 sets forth seven separate grounds for assault in the second degree.[1] The Court applied

3   the four-level enhancement based on just one of those grounds: assault with a deadly weapon.

4   RCW 9A.36.021(1)(c).  Unlike some of the other grounds for assault in the second degree,

5   assault with a deadly weapon does not require a showing of intent, knowledge, or substantial

6   bodily harm.  Therefore, Petitioner's counsel at sentencing was well within the standard of

7   objective reasonableness when he failed to raise issues regarding intent, knowledge, or bodily

8   harm because the government did not need to prove these "elements."

9   Additionally, a four-level enhancement under USSG § 2K2.1(b)(6)(B) applies in one of

10  two scenarios. Pursuant to USSG 2K2.1 (b)(6)(B), a four-level enhancement applies if the

11

12  _____

[1] (1) A person is guilty of assault in the second degree if he or she, under circumstances not amounting to
13  assault in the first degree:

14  (a) Intentionally assaults another and thereby recklessly inflicts substantial bodily harm; or

15  (b) Intentionally and unlawfully causes substantial bodily harm to an unborn quick child by
    intentionally and unlawfully inflicting any injury upon the mother of such child; or

16  (c) Assaults another with a deadly weapon; or

17  (d) With intent to inflict bodily harm, administers to or causes to be taken by another, poison or any
    other destructive or noxious substance; or

18  (e) With intent to commit a felony, assaults another; or

19
    (f) Knowingly inflicts bodily harm which by design causes such pain or agony as to be the equivalent
20  of that produced by torture; or

21  (g) Assaults another by strangulation or suffocation.

    (2)(a) Except as provided in (b) of this subsection, assault in the second degree is a class B felony.
22
    (b) Assault in the second degree with a finding of sexual motivation under RCW 9.94A.835 or
23  13.40.135 is a class A felony.

24

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR
CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - 5

1  defendant "used or possessed any firearm or ammunition in connection with another felony

2  offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason

3  to believe that it would be used or possessed in connection with another felony offense."

4  Therefore, under the first scenario, the government must only prove that the defendant actually

5  used or possessed the firearm during, or in connection with, another felony offense.  Under the

6  second scenario, the government must prove that the defendant possessed or transferred the

7  firearm to another individual with the intent, knowledge, or reasonable belief that the firearm

8  would be used by himself, or another, to commit a felony offense in the future.  Thus, in contrast

9  to the second scenario, the government did not need to prove intent for application of the four-

10  level enhancement application under USSG § 2K2.1(b)(6)(B) because Faletogo possessed a

11  firearm in connection with a felony assault.

12       The Court found overwhelming evidence at the evidentiary hearing in support of the fact

13  that Faletogo "reached into his jacket, pulled out a silver or nickel plated pistol, racked or cycled

14  a round into the chamber, pointed the gun at his brother – at the chest of his brother, who was

15  sitting on the couch in the living room." Dkt. # 5-1, p. 91.  Based on this fact, the Court held that

16  clear and convincing evidence existed to support the four-level enhancement because Faletogo's

17  conduct amounted to the felony offense of assault in the second degree. Dkt. # 5-1, pp. 91–93.

18  Because the four-level enhancement for using the firearm in assault in the second degree does

19  not require a showing of intent knowledge, or reasonable belief, counsel's failure to raise the

20  issue of intent or knowledge at sentencing was neither unreasonable nor prejudicial.

21       Petitioner also asserts that his counsel should have argued that the four-level

22  enhancement does not apply because Petitioner's actions regarding the firearm are a

23  misdemeanor rather than a felony.  Petitioner cites RCW 9.41.230(1)(a), which states that a

24

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR
CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - 6

1   person is guilty of a gross misdemeanor, when that person "[a]ims any firearm, whether loaded

2   or not, at or towards any human being." However, RCW 9.41.230 only applies "[f]or conduct not

3   amounting to a violation of chapter 9A.36 RCW."  At the evidentiary hearing, the Court held that

4   Petitioner violated RCW 9A.36, assault in the second degree, when he pointed a loaded firearm

5   at his brother. Dkt. # 5-1, pp. at 91–93.  Thus, counsel's failure to raise RCW 9.41.230 was

6   neither unreasonable nor prejudicial because RCW 9.41.230 does not apply to a situation where a

7   defendant's conduct amounts to the felony offense of assault in the second degree.

8          Petitioner also fails to show that he received ineffective counsel for his appeal.  Petitioner

9   argues that his appellate counsel failed to argue that the facts, even as found by the Court, did not

10  establish that he committed the felony offense of assault in the second degree by clear and

11  convincing evidence.  However, his appellate counsel did argue that "[t]there was not sufficient

12  evidence to support the district court's finding that he used a gun in connection with an assault

13  by clear and convincing evidence." Dkt. 5-1, pp. 12–15.  Thus, appellate counsel's representation

14  was neither unreasonable nor prejudicial because counsel did in fact make the argument on

15  appeal that Petitioner now presents in his motion to vacate sentencing.

16         In addition, Petitioner asserts that his counsel should have argued that the Court cannot

17  apply the four-level enhancement because Petitioner committed a misdemeanor rather than a

18  felony.  According to Petitioner, the Court did not have clear and convincing evidence of the

19  felony crime of assault in the second degree; rather, the Court had clear and convincing evidence

20  of the gross misdemeanor crime of aiming a loaded or unloaded gun at another human being

21  under RCW 9.41.230(1)(a).  Again, RCW 9.41.230(1)(a) only applies to conduct not in violation

22  of RCW 9A.36, however Petitioner violated chapter RCW 9A.36 when, as the Court held in the

23  evidentiary hearing, Petitioner assaulted his brother with the unlawfully possessed firearm. Dkt.

24

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR
CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - 7

1   # 5-1, pp. 91–93.  Even if the Court found clear and convincing evidence of a misdemeanor

2   crime, the Court still would find clear and convincing evidence of the felony crime of assault in

3   the second degree because the Court found overwhelming evidence that Faletogo pointed the

4   loaded and unlawfully possessed firearm at his brother. Dkt. # 5-1, pp. at 91–93.  Thus, appellate

5   counsel's failure to raise RCW 9.41.230(1)(a) was neither unreasonable nor prejudicial.

6   **B.  Base Offense Four-Level Enhancement**

7          Pursuant to USSG 2K2.1(b)(6)(B), a four-level enhancement applies if the defendant

8   "used or possessed any firearm or ammunition in connection with another felony offense; or

9   possessed or transferred any firearm or ammunition with knowledge, intent, or reason to

10  believe that it would be used or possessed in connection with another felony offense." Again,

11  there are two scenarios in which this enhancement applies.  In the first scenario, if a defendant

12  actually uses the unlawfully possessed firearm in connection with another felony, then the

13  enhancement applies regardless of the defendant's intent.  In the second scenario, if the

14  defendant did not actually use the unlawfully possessed firearm in connection with another

15  felony but knew, intended to, or reasonably believed the firearm would be used in another

16  felony, then the enhancement applies if the government proves intent, knowledge, or

17  reasonable belief.

18         Here, the Court applied the enhancement under the first scenario because it found that

19  Petitioner actually assaulted his brother with the unlawfully possessed firearm. The Court did

20  not assume that Petitioner used the firearm to assault his brother.  Rather, the Court held an

21  evidentiary hearing to make this determination.  Upon finding the testimony at the evidentiary

22  hearing not credible, and after reviewing all of the facts and evidence, the Court concluded

23  that the Petitioner "reached into his jacket, pulled out a silver or nickel plated pistol, racked or

24  cycled a round into the chamber, pointed the gun at his brother – at the chest of his brother,

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR
CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - 8

1  who was sitting on the couch in the living room." Dkt. # 5-1, pp. at 91.  Based on the totality

2  of the evidence, the Court held that clear and convincing evidence exists to support the

3  conclusion that defendant's conduct amounted to felony assault in the second degree.  Because

4  a showing of intent is not necessary for the application of the four-level enhancement in this

5  circumstance under USSG 2K2.1(b)(6)(B), the Court correctly applied the four-level

6  enhancement.

7

## C.  Certificate of Appealability

8

9       A petitioner seeking post-conviction relief under § 2255 may appeal a district court's

10  dismissal of his federal habeas petition only after obtaining a certificate of appealability from a

11  district or circuit judge.  A certificate of appealability may issue only where a petitioner has

12  made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3).

13  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with

14  the district court's resolution of his constitutional claims or that jurists could conclude the issues

15  presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

16  U.S. 322, 327 (2003).  Under this standard, the Court concludes that petitioner is not entitled to a

17  certificate of appealability with respect to any of the claims in his § 2255 motion.

18                                        **IV. CONCLUSION**

19       The Court, having considered Petitioner's motion, Respondent's response thereto, the

20  reply, and the remainder of the record, hereby finds and ORDERS:

21       (1)      Petitioner's 28 U.S.C. § 2255 motion (Dkt. #1) is hereby DENIED.

22       (2)       In accordance with Rule 11 of the Rules Governing Section 2255 Proceedings for

23            the United States District Courts, a certificate of appealability is DENIED; and

24

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR
CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - 9

1    (3)     The Clerk of the Court is directed to forward a copy of this Order to Petitioner

2    and all counsel of record.

3    Dated this 3rd day of January 2013.

4

5

6    RICARDO S. MARTINEZ

7    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR
CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - 10